UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
IN ADMIRALTY

Case No. 19-61655-CIV-ALTMAN/HUNT

IN THE MATTER OF:

THE COMPLAINT OF FREEDOM UNLIMITED,
AS OWNER OF THE *M/Y FREEDOM*, A 2000
230' BENETTI MOTOR YACHT (IMO 8975067),
IN A CAUSE OF EXONERATION FROM OR
LIMITATION OF LIABILITY,

    Petitioner.
_____/

## **REPORT AND RECOMMENDATION**

THIS CAUSE is before this Court on Claimant's Motion to Dismiss, Stay and/or Lift the Injunction in this Matter and Permit the Claimant to Proceed in State Court with Protective Stipulations, ECF No.12.  On September 5, 2019, the Honorable Roy K. Altman referred to the undersigned this Motion for a Report and Recommendation.  *See* ECF No. 23; *see* 28 U.S.C. § 636(b); *see also* S.D. Fla. L.R., Mag. R. 1.  Having carefully reviewed the Motion, the Response and Reply thereto, the court file, and applicable law, the undersigned respectfully recommends that Plaintiff's Motion to Dismiss, Stay and/or Lift the Injunction be GRANTED.  Specifically, the undersigned recommends that the stay be granted and the injunction be lifted to allow the Claimant to proceed in state court with the stipulations made including the stipulation that Claimant Bonn will not seek a judgment in excess of the value of the limitation fund, if valid, to be determined by this Court at a later

time.[1]

## INTRODUCTION

The Claimant in this action, Joshua Bonn ("Claimant" or "Bonn") pursuant to Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, and the "saving to suitors" clause of Article III, §2 of the United States Constitution and 28 U.S.C. §1333(1), filed this Motion To Dismiss, Stay and/or Lift the Injunction in This Matter and Permit the Claimant to Proceed in State Court with Protective Stipulations.  ECF No. 12. On May 30, 2019, Bonn filed an action against Taylor Lane Yacht and Ship, LLC ("TLYS") and the Vessel Owner in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, styled *Joshua Bonn v. Taylor Lane Yacht and Ship, LLD, Freedom Unlimited,* Case No. CACE-19-011500 (May 30, 2019) ("State Action"). The State Action was filed in Admiralty in state court under Article III, §2 of the U.S. Constitution under the "saving to suitors" clause, 28 U.S.C. §1333(1), as the State Action involved a maritime tort involving the Jones Act and other claims made pursuant to General Maritime Law. On July 3, 2019, Petitioner, the vessel owner, filed a Limitation of Liability action in this Court requesting to limit his liability to the value of the vessel ($29,893,000.00) and "to prevent Bonn from having his case heard by a jury under the Saving to Suitors clause in state court."  ECF No. 12 at 3.

---

[1]  Claimant Bonn stipulated to this additional limitation to address Petitioner's claim that any potential attorney's fees and costs claim by indemnity claimant Taylor Lane Yacht and Ship, LLC ("TLYS") in the future will expose him to excess liability.  ECF No. 31 at 2.

## **ANALYSIS**

Given a shipowner's remedy to limit his liability falls within the admiralty and maritime jurisdiction of the federal court, "some tension exists between the saving to suitors clause and the Limitation Act." *Lewis v Lewis & Clark Marine, Inc.*, 531 U.S. 438, 448 (2001). "One statute gives suitors the right to a choice of remedies, and the other statute gives vessel owners the right to seek limitation of liability in federal court." *Id.*

The United States Supreme Court and Courts of Appeals have generally resolved the "tension" between the saving to suitors clause and the Limitation Act by permitting claimants to proceed with their claims in state court where there is only a single claimant or where the total claims do not exceed the value of the limitation fund. *Id.* at 451. More specifically, where there is only one claimant, the single claimant may try liability and damages issues in another forum by filing stipulations that protect the shipowner's right to have the admiralty court ultimately adjudicate its claim to limited liability. *See Beiswenger Enterprises Corp. v. Carletta*, 86 F.3d 1032, 1037 (11th Cir. 1996). This is referred to as the single claimant exception. It is important to note that the only claim TLYS may raise is one of indemnity and contribution. The Eleventh Circuit in *Beiswenger* held that when there is a damage claimant and an indemnity and contribution claimant in a limitation action, the court must treat it as a "single claimant" situation if the damage claimant makes an additional stipulation as has been done in the instant case. *Id.* at 1037-38. *See* ECF No. 12 at 8-9 (list of Claimant Bonn's stipulations). The "'saving to suitors' clause of §1333 embodies a presumption in favor of jury trials and common law remedies in the forum of the claimant's choice." *Id.* at 1037.

The stipulation that would "cure" the multiple claims problem was held to be that the claimant will not seek "to enforce any judgment rendered in any state court, whether against the Petitioner or another person or entity that would be entitled to seek indemnity or contribution from the Petitioner, by way of cross-claim or otherwise, that would expose the Petition [sic] to liability in excess of $. . . until such time as this Court has adjudicated the Petitioner's right to limit that liability." *Id.* at 1043.  Additionally, *Beiswenger* held that only the damage claimant needs to make the above stipulation in order to cure the multiple claims concern.  *Id*. at 1039.  The *Beiswenger* court held that it did not matter if the indemnity claimant agreed or disagreed with the stipulations or did not file stipulations alongside the damage claimant.  *Id.* at 1043*.* "[T]he above-quoted stipulation was sufficient to protect the owners from excess liability at the hands of third parties."  *Id*. at 1043 (*citing In re Complaint of Dammers & Vanderheide & Scheepvaart Maats Christina B.V.*, 836 F.2d 750 (2d Cir. 1988)).  Thus, the damage claimants were allowed to proceed against the vessel owners in state court.  *Id*.

In this case, as in *Beiswenger,* it is irrelevant whether TLYS agrees or disagrees with the Claimant's stipulations because TLYS's claim against the Petitioner is based solely on Petitioner's liability to Claimant Bonn. *See Id*. Claimant Bonn will stipulate not to enforce any state court judgment against any party, including TLYS, until Petitioner's "right to limitation is adjudicated in the admiralty court. By giving up such claims unless and until limitation is denied, [Claimant Bonn has] eliminated the possibility that competing claims will exhaust the limitation fund before the admiralty court has the opportunity to determine whether to grant limited liability" to Petitioner. *Id.* at 1043-44. Therefore, Claimant Bonn's stipulations have the practical effect of transforming this limitation action

4

into a single claimant action; and thus, the Court may stay this proceeding and allow all parties to proceed in the state action.

Accordingly, in order to lift the limitation injunction and proceed in state court "the claimant must waive any claims of res judicata relevant to the issue of limited liability based on any judgment obtained in the state court, and concede the shipowner's right to litigate all issues relating to the limitation in the federal limitation proceeding" among other required stipulations. *Id.* at 1037 (quoting *Gorman v. Cerasia*, 2 F.3d 519, 524 (3d Cir. 1993)). Furthermore, the Eleventh Circuit held that use of stipulations "effectively guarantee that the vessel owner will not be exposed to competing judgments in excess of the limitation fund." *Id.* at 1038. In fact, the court noted that issuing a stay on the limitation proceeding is "far from novel" under these circumstances and "the single claimant exception has been applied for over a century." *Offshore of the Palm Beaches, Inc. v. Lynch*, 741 F.3d 1251, 1258 (11th Cir. 2014); *see also In re Complaint of Offshore Marine Towing*, 333 F. Supp. 2d 1286 (S.D. Fla. 2004).

Finally, the *Beiswenger* court listed the necessary stipulations which the claimant must make to apply to all forums are: (1) concede the admiralty court's exclusive jurisdiction over all limitation issues; (2) promise to not to seek a determination of those limitation issues in their state court action; (3) waive any claim of res judicata relevant to the issue of limited liability based on any judgment obtained in the state court; (4) waive the related defense of issue preclusion with respect to all matters reserved exclusively for determination by the admiralty court; (5) concede the shipowner's right to litigate all issues relating to limitation in the federal limitation proceeding; (6) stipulate that no judgment against the shipowner will be asserted to the extent it exceeds the value of the limitation

fund; and (7) if limitation in the future is granted, then to stipulate that the Claimant will not seek a judgment over the limitation fund as approved by the Court. *Beiswenger,* 86 F.3d at 1044.

Under binding Eleventh Circuit precedent, this limitation action should be considered a single claimant action under *Beiswenger*. *Id.* at 1037-38. Where there is a "single claimant," such as Claimant Bonn after he stipulates to 'cure' the multiple claimant issue, and the single claimant enters into stipulations to protect the shipowner's right to have limitation matters determined by the federal court, a concursus is not necessary and the court must allow the claimant to proceed in his chosen forum. *See Lake Tankers Corp. v. Henn*, 354 U.S. 147 (1957); *Langes v Green*, 282 U.S. 531 (1931); *Ex Parte Green*, 286 U.S. 437 (1932); *Lewis v Lewis & Clark Marine, Inc.*, 531 U.S. 438, 446 (2001); *Beiswenger*, 86 F.3d at 1037-38; *Odeco Oil & Gas Co. v. Bonnette*, 4 F.3d 401 (5th Cir. 1993) and 74 F.3d 671 (5th Cir. 1996); *Complaint of Midland Ent., Inc.*, 886 F.2d 812 (6th Cir. 1989); *Complaint of Dammers & Vanderheide*, 836 F.2d 750 (2nd Cir. 1988); *Newton v. Shipman*, 718 F.2d 959 (9th Cir. 1983); *Complaint of Cameron Boat Rentals, Inc.*, 683 F. Supp. 577 (W.D. La. 1988); *see also Universal Towing Co. v. Barrale*, 595 F.2d 414, 419 (8th Cir. 1979) ("an indemnity claim does not by itself create a multiple claim situation"); *S & E Shipping Corp. v. Chesapeake & O. R. Co.*, 678 F.2d 636, 645 (6th Cir. 1982) ("the indemnity and contribution claims based on negligence theories do not create a multiple claims-inadequate fund situation and do not require a *concursus* in the district court").[2]

---

[2] The Second, Third, and Fifth Circuit Courts of Appeals disagree with the analysis and ultimate opinions of the Eighth and Sixth Circuit Courts of Appeals. *Dammers*, 836 F.2d

Not only did the *Beiswenger* court consider Petitioner's exact argument and reject it, but also other courts within the Eleventh Circuit have done the same. *See Beiswenger*, 86 F.3d at 1043; *see also In re Parker Towing Co.*, No. 17-0489-WS-C, 2018 U.S. Dist. LEXIS 37798, *1 (S.D. Ala. Mar. 8, 2018); *In re Tug Champion, Inc.*, No. 8:10-cv-340-T-23TBM, 2010 U.S. Dist. LEXIS 71928 (M.D. Fla. June 30, 2010).  These courts have rejected Petitioner's argument that the indemnity claimant needs to join in the stipulations when the damage claimant makes the proper stipulations.[3]

The undersigned finds the stipulations made herein in the Motion and the added stipulation regarding attorney's fees and costs adequately safeguard the vessel owner's rights under the Limitation Act, including both its right to litigate limitation issues exclusively in this admiralty court and its right to be insulated from paying damages in excess of the limitation fund unless this Court first denies limited liability.

## **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Claimant's Motion to Dismiss, Stay and/or Lift the Injunction in this Matter and Permit the Claimant to Proceed in State Court with Protective Stipulations, ECF No.12 be GRANTED and that Plaintiff's case be stayed so that Claimant can proceed in state court.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district.  28 U.S.C.

---

750, 752 (2d Cir. 1988); *Gorman v. Cerasia*, 2 F.3d 519, 527 (3d Cir. 1993); *Odeco Oil & Gas Co., Drilling Div. v. Bonnette*, 74 F.3d 671, 675 (5th Cir. 1991).

[3]  A priority stipulation is not required here where there is only one damage claimant thus no one has priority over him.  *See Beiswenger*, 86 F.3d at 1044.

§ 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3–1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

RESPECTFULLY SUBMITTED at Fort Lauderdale, Florida this 19th day of December, 2019.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies Furnished to:

The Honorable Roy K. Altman

All Counsel of Record